| | |
|---|---|
| Rob Bonta<br>Attorney General of California<br>R. Lawrence Bragg<br>Alicia A. Bower<br>Supervising Deputy Attorneys General<br>Carolyn G. Widman<br>Shamira Dwarica<br>Neculai Grecea<br>Dennis M. Wong<br>Raye Hutslar<br>Deputy Attorneys General<br>State Bar No. 356966<br>  455 Golden Gate Avenue, Suite 11000<br>  San Francisco, CA 94102-7004<br>  Telephone: (415) 510-3368<br>  E-mail:  Raye.Hutslar@doj.ca.gov<br>*Attorneys for Defendants J. Elliott, K. Maxwell, A. Kent, M. Houston, R. Montes, M. Hill, R. Kettle, L. Gonzalez, M. Chand, K. Anthony, D. Toche, J. Core, J. Macomber, K. Allison, C. Gipson, S. Aref, L. Parker and R. Lopez*<br><br>Susan E. Coleman (SBN 171832)<br>  Burke, Williams & Sorensen, LLP<br>  444 S. Flower St., 40th Floor<br>  Los Angeles, CA 90071<br>  Tel: (213) 236-0600<br>  E-mail: scoleman@bwslaw.com<br>*Attorneys for Defendant S. Lee* | Dan Stormer<br>Morgan Ricketts (SBN 268892)<br>  Hadsell Stormer Renick & Dai LLP<br>  128 N. Fair Oaks Ave.<br>  Pasadena, CA 91103<br>  Tel: (626) 585-9600<br>  E-mail: mricketts@hadsellstormer.com<br><br>Jenny Huang (SBN 223596)<br>  Justice First<br>  490 43rd Street, #108<br>  Oakland, CA 94609<br>  Tel: (510) 628-0695<br>  E-mail: jhuang@justicefirst.net<br><br>Lindsay Battles<br>Barrett Litt (SBN 45527)<br>  McLane, Bednarski & Litt LLP<br>  975 E. Green Street<br>  Pasadena, CA 91106<br>  Tel: (626) 844-7660<br>  E-mail: blitt@mbllegal.com<br>*Attorneys for Plaintiffs* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| **CALIFORNIA COALITION FOR WOMEN'S PRISONERS, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SCOTT LEE, M.D., et al.,**<br><br>Defendants. | Case No. 5:25-cv-00283-SP<br><br>**STIPULATION REGARDING PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY (ECF No. 8)**<br><br>Judge:     Hon. Sheri Pym<br><br>Action Filed: February 2, 2025 |

1       Plaintiffs California Coalition for Women Prisoners and Jane Does #1 – 6 filed
2  the complaint in this matter using pseudonyms (ECF No. 1) and requested an order
3  allowing them to proceed pseudonymously in public filings (Pls.' Mot. to Proceed
4  Pseudonymously, ECF No. 8). In their motion to proceed pseudonymously,
5  Plaintiffs explain that they do not seek to prevent Defendants from learning Jane
6  Does #1 – 6 true identities but do seek to protect the names from public disclosure
7  in court filings and from unnecessary disclosures to prison staff. (*Id*. at 3.)
8       While Defendants Lee, Elliott, Maxwell, Macomber, Toche, Anthony, Kent,
9  Core, Houston, Montes, Hill, Kettle, Gonzalez, Chand, Allison, Gipson, Aref,
10 Lopez, and Parker do not oppose Plaintiffs Jane Does #1 – 6 proceeding
11 pseudonymously in public filings in this legal proceeding, they would oppose
12 unreasonable limitation or interference with Defendants' ability to conduct
13 discovery and investigate this matter, the California Department of Corrections and
14 Rehabilitation's (CDCR) ability to operate and maintain institutional security, or
15 CDCR's or its employees' ability to assist or participate in any potential related
16 Prison Rape Elimination Act (PREA) or Office of Internal Affairs (OIA)
17 investigations and/or any criminal proceeding.
18       To date, counsel for Defendants Lee, Elliott, Maxwell, Macomber, Toche,
19 Anthony, Kent, Core, Houston, Montes, Hill, Kettle, Gonzalez, Chand, Allison,
20 Gipson, Aref, Lopez, and Parker have not yet learned the identities of Jane Does #1
21 – 6. The parties have met and conferred about, but have not yet reached an
22 agreement on, the scope of a protective order in this case. The parties have,
23 however, reached a preliminary agreement regarding disclosure of the names of
24 Jane Doe Plaintiffs #1 – 5, who are no longer incarcerated, and Jane Doe Plaintiff
25 # 6 on a limited basis to allow Defendants to begin necessary investigation in this
26 case.
27 ///
28 ///

Plaintiffs and Defendants Lee, Elliott, Maxwell, Macomber, Toche, Anthony, Kent, Core, Houston, Montes, Hill, Kettle, Gonzalez, Chand, Allison, Gipson, Aref, Lopez, and Parker therefore stipulate as follows:

1. No party may use Plaintiffs Jane Does # 1 – 6's true names, or the true names of any putative class member, in public filings or in open court in pretrial proceedings in this matter, and instead shall refer to Plaintiffs as "Jane Doe #1, Jane Doe #2," and so on, and additional putative class members as "Jane Doe #7," and so on.

2. Parties filing documents in the public record shall redact Plaintiffs' and putative class members' true names and other personally identifying information without the need to request that the documents be filed under seal.

3. If it is necessary to refer to the true names or other personally identifying information of Plaintiffs or putative class members in a court filing, the filing party shall follow the procedures under Local Rule 79-5 and request that the documents be filed under seal.

4. In the event a class is certified, the provisions of this stipulation that apply to putative class members will then apply to class members. Until all appeals on the issue of who is a class member are exhausted, the provisions of this stipulation that apply to putative class members will continue to apply.

5. Plaintiffs shall disclose the true names of Plaintiffs Jane Does # 1 – 6 to Defendants no later than three days after the court adopts this stipulation via a signed order.

6. Defendants will exercise caution in protecting the names of Jane Does # 1 – 6 from disclosure to unnecessary third parties.

7. This stipulation does not limit the ability of the parties to use Plaintiffs' true names and California Department of Corrections and Rehabilitation (CDCR) numbers during their investigation and discovery in this matter as agreed upon in this stipulation.

8.   Until a new stipulation or order supersedes this agreement regarding disclosure of the protected identities of Plaintiffs or the disclosure limitations expire as outlined in paragraph 9 below, Defendants may disclose the true names of Jane Does # 1 – 6 to the following individuals only at this time for the purpose of requesting and obtaining relevant records related to this litigation and to facilitate the retention and preservation of such records:

    a. Defense counsel in this action, as well as employees of said counsel who are under the same confidentiality mandates, to whom it is reasonably necessary to disclose the information for this litigation; counsel, for the purpose of this stipulation, includes counsel of record and the CDCR Office of Legal Affairs (OLA);

    b. Individual parties represented by counsel in this action;

    c. Custodians of records and necessary support staff at CDCR headquarters;

    d. Custodians of records and necessary support staff at the California Correctional Health Care Services; and

    e. Any other person that the parties agree to in writing.

9.   This stipulation is a preliminary step only regarding disclosure and use of Plaintiffs Jane Does # 1 – 6's true names in this case and does not resolve the use of Plaintiffs' true names and CDCR numbers necessary for Defendants' full investigation and discovery in this matter, including but not limited to use of Plaintiffs' true names in interviews of potential witnesses, in correspondence as needed for litigation purposes, subpoenas to non-parties, and at depositions.

    a. The parties shall meet and confer further regarding additional disclosure parameters necessary for Defendants' investigation and defense in this case no later than 60 days after the Court grants this stipulation.

    b. If the parties cannot agree, Plaintiffs shall file a motion regarding the

disputed proposed additional disclosure and use of the true names of Plaintiffs Jane Does # 1 – 6 no later than 30 days after the parties' meet-and-confer deadline. If Plaintiffs elect to not file a motion or otherwise fail to do so, the disclosure limitations identified in paragraph 8 expire at that time.

10. This stipulation does not address the use of a pseudonym at any trial in this matter, which the parties will address in a separate pretrial filing at the appropriate time.

11. This stipulation does not eliminate and shall not impede the mandatory reporting requirements of CDCR's employees, including attorneys employed with CDCR's Office of Legal Affairs, to report certain allegations of staff misconduct against incarcerated persons not previously reported. The parties shall meet and confer regarding discovery of any staff misconduct allegations by Plaintiffs Jane Does # 1 – 6 not previously reported to and investigated by CDCR that implicate mandatory reporting.

12. By agreeing to this stipulation, Defendants do not concede or admit the truth or accuracy of any of the statements, allegations, or claims contained in Plaintiffs' motion or the declarations submitted with that motion (ECF No. 8).

13. The parties reserve the right to seek reconsideration or modification of this stipulation should future circumstances warrant it

**IT IS SO STIPULATED.**

/ / /

/ / /

/ / /

| | | | |
|---|---|---|---|
| 1 | Dated: | June 16, 2025 | Respectfully submitted, |
| 2 | | | ROB BONTA |
| | | | Attorney General of California |
| 3 | | | R. LAWRENCE BRAGG |
| | | | ALICIA A. BOWER |
| 4 | | | Supervising Deputy Attorneys General |

5  Date:     June 16, 2025

6                              /s/ - Susan E. Coleman
                              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
7                              SUSAN E. COLEMAN
                              Burke, Williams & Sorensen, LLP
8                              *Attorneys for Defendant S. Lee*

9  Date:     June 16, 2025

10                             /s/ - Raye Hutslar
                              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
11                             RAYE HUTSLAR
                               CAROLYN G. WIDMAN
12                             SHAMIRA DWARICA
                               NECULAI GRECEA
13                             DENNIS M. WONG
                              Deputy Attorneys General
14                             *Attorneys for J. Elliot, K. Maxwell, A.*
                              *Kent, M. Houston, R. Montes, M. Hill,*
15                             *R. Kettle, L. Gonzalez, M. Chand, K.*
                              *Anthony, D. Toche, J. Core, J.*
16                             *Macomber, L. Parker, C. Gipson, S.*
                              *Aref, and R. Lopez*

17

18  Date:    June 16, 2025       /s/ - Morgan Ricketts
                                ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
19                               MORGAN RICKETTS
                                DAN STORMER
20                              Hadsell Stormer Renick & Dai LLP

21                               JENNY HUANG
                                Justice First

22                               BARRETT LITT
                                LINDSAY BATTLES
23                              McLane, Bednarski & Litt LLP
                                *Attorneys for Plaintiffs*
24

25

26

27

28

6

**ATTESTATION**

*Per Local Rule 5-4.3.4(a)(2)(i), Morgan Ricketts, the filer of this document, attests that all other signatories listed herein, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

**ORDER**

Good cause appearing, the parties' stipulation is GRANTED. IT IS SO ODERED.

Dated: June _____, 2025

_____
United States Magistrate Judge

LA2025300821
44641407.docx