ROB BONTA
Attorney General of California
R. LAWRENCE BRAGG
ALICIA A. BOWER
Supervising Deputy Attorneys General
CAROLYN G. WIDMAN
SHAMIRA DWARICA
DENNIS M. WONG
RAYE HUTSLAR
Deputy Attorneys General
State Bar No. 353189
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3823
Fax: (415) 703-5843
E-mail: Shamira.Dwarica@doj.ca.gov
*Attorneys for Defendants*
*R. Lopez, M. Houston, M. Chand, L. Parker, D. Toche, K. Allison, M. Hill, S. Aref, J. Core, J. Macomber, R. Kettle, R. Montes, K. Anthony, J. Elliott, A. Kent, C. Gipson, L. Gonzalez and K. Maxwell*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| **CALIFORNIA COALITION FOR WOMEN PRISONERS, et al.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**SCOTT LEE, et al.,**<br><br>Defendants. | Case No. 5:25-cv-00283-SP<br><br>**NOTICE OF RELATED CASE**<br><br>Judge: Hon. Sheri Pym<br>Trial Date: Not Set<br>Action Filed: February 2, 2025 |

**TO THE COURT AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, under Local Rule 83-1.3.1(a)–(c), Defendants R. Lopez, M. Houston, M. Chand, L. Parker, D. Toche, K. Allison, M. Hill, S. Aref, J. Core, J. Macomber, R. Kettle, R. Montes, K. Anthony, J. Elliott, A. Kent, C. Gipson, L. Gonzalez, and K. Maxwell file this Notice of Related Case to inform the Court of an additional case pending in this district that arises from the same or a closely related event, calls for determination of the same or substantially related questions of law and fact, and would entail substantial duplication of labor if heard by different judges.

The matter, *Jackson v. Lee*, Case No. 5:25-cv-1177-SSS (SHK) (C.D. Cal.) (*Jackson*), is currently pending in this district. *Jackson* is brought by the law firm Gibson, Dunn, and Crutcher LLP on behalf of a single plaintiff, Alexandria Jackson, who was formerly incarcerated at California Institution for Women (CIW).

The plaintiff in *Jackson* alleges that, during her time at CIW, she was abused by Defendant Dr. Lee during her prenatal medical appointments and was deprived of adequate medical and prenatal care. (*See Jackson* Compl., ECF No. 1 at 16–21.) The plaintiff in *Jackson* also filed a Notice of Related Case that identifies that certain claims brought on behalf of the plaintiff fall within the claims covered by this present putative class action. (*Jackson* Notice, ECF No. 5 at 2.)

The *Jackson* case and the present putative class action share common questions of law and fact and should be related under Local Rule 83-1.3.1. The two cases arise from the gynecological care provided by Dr. Lee at CIW and have substantially similar abuse and retaliation allegations against Dr. Lee. *See* C.D. Cal. R. 83-1.3.1(a), (b). For instance, the two Complaints state Dr. Lee conducted improper examinations and procedures and that inmate-patients at CIW were provided inadequate gynecological care as a result. (*Jackson* Compl., ¶¶66–84; *CCWP* Compl., ECF No. 33 at 49–57.) Also, both cases challenge the gynecological care inmate-patients received at CIW under the Eighth Amendment

for deliberate indifference to a serious medical need and assert various state law claims for gender violence, violation of the Bane and Ralph Acts, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and invasion of privacy. (*Jackson* Compl., ¶¶153–174, 185–233; *CCWP* Compl., ¶¶ 304–333, 362–420.)

To avoid duplication of effort and a waste of judicial resources, *CCWP* and *Jackson* should be related and assigned to a single judge. Both cases involve similar claims of sexual harassment and abuse by Dr. Lee and claims against the prison conditions at CIW as it relates to gynecological care for inmate-patients. As such, *Jackson* and *CCWP* will have common proof. Thus, having multiple judges resolve the same disputes over the same core of relevant evidence would be a waste of judicial resources.

Relating the cases may also allow for efficiencies that will benefit the parties. For instance, relating these cases will preclude the unduly burdensome duplication of labor, expense, and conflicting results if the cases were to proceed before different judges. If the cases are distributed, the risk of inconsistent results on legal issues will be greater, even where the cases have similar evidentiary records.

For these reasons, *CCWP* and *Jackson* should be related and assigned to the same judge.

Dated: July 10, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
R. LAWRENCE BRAGG
ALICIA A. BOWER
Supervising Deputy Attorneys General

/s/*Shamira Dwarica*
SHAMIRA DWARICA
Deputy Attorney General
*Attorney for Defendants*
*R. Lopez, M. Houston, M. Chand, L. Parker, D. Toche, K. Allison, M. Hill, S. Aref, J. Core, J. Macomber, R. Kettle, R. Montes, K. Anthony, J. Elliott, A. Kent, C. Gipson, L. Gonzalez, and K. Maxwell*

LA2025300821
44656866.docx

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **California Coalition for Women Prisoners, et al. v. Scott Lee, M.D., et al.**
No.: **5:25-cv-00283-SP**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On July 10, 2025, I served the attached:

**NOTICE OF RELATED CASE**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Dan Stormer Esq.
Hadsell Stormer Renick & Dai LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103
*Counsel for Plaintiffs*

Barrett S. Litt Esq.
Attorney at Law
McLane, Bednarski & Litt, LLP
975 East Green Street
Pasadena, CA 91106
*Counsel for Plaintiffs*

Jenny Huang
Attorney at Law
Justice First, LLP
490 43rd Street, # 108
Oakland, CA 94609
*Counsel for Plaintiffs*

Susan E. Coleman, Esq.
Attorney
Burke, Williams & Sorensen, LLP
444 S. Flower Street, 40th Floor
Los Angeles, CA 90071
*Counsel for Defendant Scott Lee, M.D.*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on July 10, 2025, at San Francisco, California.

| | |
|---|---|
| L. Santos | */s/ L. Santos* |
| Declarant | Signature |

LA2025300821
44690123.docx