Dan Stormer, Esq. [S.B. # 101967]
Morgan Ricketts, Esq. [S.B. #268892]
Hadsell Stormer Renick & Dai LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile:  (626) 577-7079
Emails: dstormer@hadsellstormer.com
         mricketts@hadsellstormer.com

Jenny Huang, Esq. [S.B. #223596]
Justice First
490 43rd Street, # 108
Oakland, California 94609
Telephone: (510) 628-0695
Facsimile: (510) 605-3903
Email: jhuang@justicefirst.net

Barrett Litt, Esq. [S.B. # 45527]
Lindsay Battles, Esq. [S.B. # 26286]
McLane, Bednarski & Litt, LLP
975 E. Green Street
Pasadena, CA 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670
Email: blitt@mbllegal.com
         lbattles@mbllegal.com
Attorneys for Plaintiffs

ROB BONTA
Attorney General of California
R. LAWRENCE BRAGG
ALICIA A. BOWER
Supervising Deputy Attorneys General
JACQUELINE KALLBERG
SHAMIRA DWARICA
DENNIS M. WONG
RAYE HUTSLAR
Deputy Attorneys General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3368
Fax: (415) 703-5843
E-mail: Raye.Hutslar@doj.ca.gov
Attorneys for Defendants J. Elliott,
K. Maxwell, A. Kent, M. Houston,
R. Montes, M. Hill, M. Chand, D.
Toche, J. Core, J. Macomber, R.
Lopez, and C. Gipson

SUSAN E. COLEMAN (SBN 171832)
Burke, Williams & Sorensen, LLP
444 S. Flower St., 40th Floor
Los Angeles, CA 90071
Tel: (213) 236-0600
E-mail: scoleman@bwslaw.com
Attorneys for Defendant Scott Lee

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CALIFORNIA COALITION FOR WOMEN'S PRISONERS, et al.,**

        Plaintiffs,

    v.

**SCOTT LEE, M.D., et al.,**

        Defendants.

Case No.: 5:25-cv-00283-SP

**PROTECTIVE ORDER**

## 1.    <u>PURPOSES AND LIMITATIONS</u>

Plaintiffs California Coalition for Women Prisoners and Jane Does # 1-6

(collectively referred to as Plaintiffs) and Defendants Scott Lee, James Elliott, Kenneth Maxwell, Jeff Macomber, Diana Toche, Kevin Anthony, Angela Kent, Jennifer Core, Mona Houston, Richard Montes, Molly Hill, Rob Kettle, Luis Gonzalez, Mesveen Chand, Lavelle Parker, Rosa Lopez, Shereef Aref, Connie Gipson, and Kathleen Allison, (collectively referred to as Defendants), by and through their counsel of record, enter into this protective order. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The types of information that the parties seek to protect under this protective order include, but are not limited to: (1) investigation files; (2) confidential prison records; (3) private medical records; and (4) personal identifying information of the parties including the identities of Jane Does # 1 – 6, as well as putative class members.

A protective order is necessary for the following particularized reasons: (1) to protect confidential information; (2) to protect Plaintiffs' privacy with regard to portions of their prison records that are not relevant to the incident at issue; (3) to protect Plaintiffs' patient privacy and HIPAA-protected health information; and (4) to protect the safety and security interests of the California Department of Corrections and Rehabilitation (CDCR), including the privacy of third parties and CDCR staff. The parties agree that this listing is prospective only and that it should not be taken as a representation by either party that responsive documents exist in any specified category or that they will be produced. This protective order is without prejudice to any objections that may be raised by the parties or other protective orders the Court or parties deem necessary or request, should this case proceed to formal discovery.

Accordingly, the parties hereby petition this Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it

affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this protective order does not entitle them to file confidential information under seal and that the local rules and this Court's Orders set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    Action: *California Coalition for Women Prisoners, et al., v. Scott Lee, M.D., et al.*, Case No. 5:25-cv-00283-SP.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). "Confidential" does not include "Plaintiffs' Identities," which is separately addressed in Section 8.4.

2.4    Counsel: counsel of Record for the parties and CDCR Office of Legal Affairs (OLA) attorneys, including their supervisors, as well as their support staff.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8    Final Disposition: means the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. "Highly Confidential" does not include "Plaintiffs' Identities," which is separately addressed in Section 8.4

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Party: any party to this action, including all of its officers, directors, and employees if an entity is named, and consultants.

2.12    "PLAINTIFFS' IDENTITIES": the Plaintiffs' (1) names and aliases used by Plaintiffs at any time; (2) Plaintiffs' dates of birth; (3) Plaintiffs' social security numbers; (4) if no longer incarcerated, Plaintiffs' current and prior phone numbers, current and prior residential addresses, email addresses, and active and inactive social medial or online user account names; and (5) if incarcerated, Plaintiffs' CDCR numbers. The term "Plaintiffs" includes the named Plaintiffs who are potential class representatives, as well as all of the potential class members.

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "PLAINTIFFS' IDENTITIES."

2.16  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.    REPRESENTATION

Plaintiffs represent that they believe in good faith that the litigation of this case presents an ongoing threat to the safety of Plaintiffs, and that the disclosure of Plaintiffs' Identities within the context of this Action will increase that threat. Plaintiffs further represent that they have taken steps to prevent disclosure of Plaintiffs' Identities in conjunction with this Action, that they are unaware of any public disclosure of Plaintiffs' Identities in conjunction with this Action, and that they do not intend to publicly disclose their identities in conjunction with this Action, on social media, or otherwise. If Defendants become aware of any public disclosure of Plaintiffs' Identities in conjunction with this Action by Plaintiffs or their counsel, Defendants may apply to the Court for relief from the restrictions imposed in this Protective Order related to non-disclosure of Plaintiffs' Identities.

## 4.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above) but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Protected Material includes documents identified as "Confidential," "Highly Confidential," or "Plaintiffs' Identities" prior to and/or after the date of executing this protective order. Any use of Protected Material at trial shall be governed by a separate agreement or order.

However, the protections conferred by this Order do not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

This Order does not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

The protections conferred by this Order do not eliminate and shall not impede the mandatory reporting requirements of CDCR's employees, including attorneys employed with CDCR's OLA, to report certain allegations of staff misconduct against incarcerated persons not previously reported. (*See e.g.*, DOM §§ 31140.5 and 54040.12; 28 C.F.R. § 115.61; Cal. Pen. Code § 11160.) The parties shall meet and confer regarding counsel's discovery of any staff misconduct allegations by Plaintiff Jane Does 1 through 6 or currently identified putative class member not previously reported to and investigated by CDCR that relate to the allegations and claims in this case and implicate mandatory reporting by attorneys employed with CDCR's OLA, but such meet and confer shall not delay any mandatory reporting. If CDCR's OLA reports any staff misconduct allegations as described in this paragraph, the reporting shall include a reminder that all communications with the complainant from OIA investigators for any OIA investigation shall be through Plaintiffs' counsel.

## 5.    DURATION AND FINAL DISPOSITION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. As defined in section 2.8, final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein

after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Within 60 days after the final disposition of this action, as defined in section 2.8, each Receiving Party must return all Protected Material to the Producing Party or certify that they have destroyed such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

## 6. DESIGNATING PROTECTED MATERIAL

6.1   Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. However, the Receiving Party should first notify

the Designating Party that it believes the designation is unwarranted and allow a reasonable time for withdrawal of the designation.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form: (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "PLAINTIFFS' IDENTITIES" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "PLAINTIFFS' IDENTITIES") to each page or portion thereof that contains Protected Material.

(b) for testimony given in deposition or in court proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "PLAINTIFFS' IDENTITIES."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "PLAINTIFFS' IDENTITIES." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(d) personal identifying information of non-party staff (excluding names) may be redacted.

6.3    Inadvertent Failures to Designate: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make

reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    Timing of Challenges: Any Party or Non-Party may challenge a designation of confidentiality at any time, including designations as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "PLAINTIFFS' IDENTITIES." Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by failing to or electing not to mount a challenge promptly after the original designation is disclosed.

7.2    Meet and Confer: The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq., by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was improper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3    Judicial Intervention: If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain

confidentiality within 21 days of the parties agreeing in writing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The parties may agree to extend the time to file a motion.  Failure by the Designating Party to make such a motion including the required declaration within the time specified shall automatically waive the confidentiality designation for each challenged designation; however, the Designating Party can be relieved of any such waiver by the Court for good cause shown.  In addition, the Challenging Party may file a motion challenging a confidentiality designation within 21 days of the parties agreeing in writing that the meet and confer process will not resolve their dispute, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**8.     ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1     Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a

Receiving Party must comply with the provisions of section 5 (DURATION AND FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items: With the exception of Protected Material designated by the Producing Party as "PLAINTIFFS' IDENTITIES" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," which are separately addressed in sections 8.3 and 8.4, and unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel in this action, as well as employees of said Counsel who are under the same confidentiality mandates, to whom it is reasonably necessary to disclose the information for this litigation;

(b) individual parties represented by Counsel, as designated in this Order;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided any such person may not be permitted to keep any confidential information, and unless otherwise agreed by the Designating Party or ordered by the Court. The deposing party may also request that the witness sign the "Acknowledgment and Agreement to be Bound"

(Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(j) any other person that the Designating Party agrees to in writing.

8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: With the exception of Protected Material designated by the Producing Party as "PLAINTIFFS' IDENTITIES" or "CONFIDENTIAL," which are separately addressed in sections 8.2 and 8.4, and unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(g) Plaintiffs' counsel shall be permitted to show any statements made by a

plaintiff to that plaintiff, regardless of whether such statements are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." However, Plaintiffs' counsel agrees that it shall exercise due care to assure that each Plaintiff is not privy to any other information, including but not limited to the names of other inmates and staff that may be present in material designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

(h) any other person that the Designating Party agrees to in writing.

8.4    Disclosure of "PLAINTIFFS' IDENTITIES" Information or Items: With the exception of Protected Material designated by the Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," which are separately addressed in sections 8.2 and 8.3, and unless otherwise ordered by the court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "PLAINTIFFS' IDENTITIES" only to:

(a) the Parties, including the current employees, officers, and representatives of the Parties, as needed to litigate any claims or defenses;

(b) the Receiving Party's Counsel in this action, as well as employees of said Counsel who are under the same confidentiality mandates, to whom it is reasonably necessary to disclose the information for this litigation;

(c) former employees, officers, contractors and representatives of the Parties, whom Counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided that any such person may not retain any documents containing Plaintiffs' Identities. Counsel must advise any such person that Plaintiffs' Identities are to be held confidential pursuant to this Order and keep a record of any persons to whom they disclose Plaintiffs' Identities in case of any disputes relating to compliance with this Protective Order. That record is not subject to discovery, in whole or in part, without further order of the Court.

(d) any witness whom counsel for a Party in good faith believes may possess

information that may lead to the discovery of admissible information relevant to Plaintiffs' claims or the Defendants' defenses, provided that any such person may not retain any documents containing Plaintiffs' Identities. Counsel must advise any such person that Plaintiffs' Identities are to be held confidential pursuant to Court Order and keep a record of any persons to whom they disclose Plaintiffs' Identities in case of any disputes relating to compliance with this Protective Order. That record is not subject to discovery, in whole or in part, without a further order of the Court.

(e) the officers, directors, and employees of the CDCR, including employees of the OIA, to the extent that the Disclosing Party reasonably believes disclosure of Plaintiffs' Identities is necessary to facilitate any Prison Rape Elimination Act (PREA) investigations; OIA investigations; disciplinary actions, including hearings before the State Personnel Board; reporting to and/or cooperation with any licensing agency, including without limitation any medical or nursing board; and/or any criminal proceedings or external investigations by other agencies and to whom disclosure is reasonably necessary for those investigations and proceedings;

(f) law enforcement agencies and agency personnel, but only to the extent that the Disclosing Party reasonably believes disclosure of Plaintiffs' Identities is necessary to facilitate any criminal investigations, litigate any claims or defenses, or to comply with any Party's discovery obligations or requirements. To the extent that Discovery Material is obtained, a copy shall be provided to Plaintiffs upon receipt so long as the Discovery Material is responsive to a proper and non-objectionable discovery request. Nothing herein shall be construed as a waiver of any objections that a Party may have to discovery requests or the production of Discovery Material pursuant to this provision.

(g) Government agencies and agency personnel, but only to the extent that the Disclosing Party reasonably believes disclosure of Plaintiffs' Identities is necessary to litigate any claims or defenses or to comply with any obligations or

requirements.

(h) custodians of records, legal staff, and necessary support staff at CDCR and California Correctional Health Care Services.

(i) any other person that the Designating Party agrees to in writing.

## 9. REDACTION AND USE OF PLAINTIFFS' IDENTITIES

During the pre-trial proceedings in this litigation and in any public filing, the Parties will either redact Plaintiffs' Identities, use the pseudonym "Jane Doe #1," "Jane Doe #2," and so forth, or use an identification number pre-assigned by Plaintiffs' counsel.

In the event a class is certified, the provisions of this Protective Order that apply to putative class members will then apply to all known class members. Within 7 days of a court order certifying the prospective class, Plaintiffs shall provide Defendants, through their counsel, with the following:

(a) All Jane Doe class members full names, maiden names, and alias names used at any time;

(b) Plaintiffs' dates of birth;

(c) The last four digits of Plaintiffs' Social Security numbers;

(d) If no longer incarcerated, Plaintiffs' current and prior phone numbers, current and prior residential addresses, email addresses, and active and inactive social media or online user account names;

(e) If incarcerated, Plaintiffs' CDCR numbers.

Nothing in this Order shall prevent a Party from requesting from any Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff such as, but not limited to, any medical, educational, financial, employment, or other information. Relatedly, nothing in this Order relieves any Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff(s) would otherwise be required to produce in the normal course of discovery. The protections conferred by this Order do not

cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "PLAINTIFFS' IDENTITIES," the Party shall:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," OR "PLAINTIFFS' IDENTITIES," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in the applicable court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "PLAINTIFFS' IDENTITIES." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized

under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The notification to the Designating Party must include a detailed description of how the inadvertent disclosure occurred.

**13.** <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If protected material is inadvertently disclosed, upon being notified of the inadvertent disclosure, the Receiving Party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the proposed protective order submitted to the Court.

**14.** <u>**MISCELLANEOUS**</u>

14.1   <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   <u>Right to Assert Other Objections</u>: By agreeing to this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective

Order. Similarly, no Party waives any right to object on any ground to another Party's to use in evidence of any of the material covered by this Protective Order.

  14.3 <u>Filing Protected Material</u>: Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action or any other action or proceeding any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the local rules. If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1 to file the papers, or the confidential portion thereof, under seal. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

Dated:  June 29, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
R. LAWRENCE BRAGG
ALICIA A. BOWER
Supervising Deputy Attorneys General

SUSAN E. COLEMAN
Burke, Williams & Sorensen, LLP
*Attorneys for Defendant S. Lee*

**/s/ Raye Hutslar**
RAYE HUTSLAR
JACQUELINE KALLBERG
DENNIS M. WONG
Deputy Attorneys General
*Attorneys for Defendants J. Elliott, K. Maxwell, A. Kent, M. Houston, R. Montes, M. Hill, M. Chand, K. Anthony, D. Toche, J. Core, J. Macomber, and C. Gipson*

Dated: June 29, 2026

**/s/ Morgan Ricketts**
MORGAN RICKETTS
DAN STORMER
Hadsell Stormer Renick & Dai LLP

**/s/ Jenny Huang**
JENNY HUANG
Justice First

**/s/ Lindsay Battles**
BARRETT LITT
LINDSAY BATTLES
McLane, Bednarski & Litt LLP

*Attorneys for Plaintiffs*

## <u>ORDER</u>

The Protective Order is hereby approved.


**IT IS SO ORDERED.**

Dated:  July 10, 2026

_____
THE HONORABLE SHERI PYM

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of_____

_____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on _____ (date) in the case of CALIFORNIA COALITION FOR WOMEN PRISONERS, ET AL. V. DR. LEE, ET AL., CASE NO. 5:25-CV-00283 (SP) I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____City and State where sworn and signed: _____

Printed name: _____[printed name]

Signature: _____[signature]