Dan Stormer, Esq. [S.B. # 101967]
Morgan Ricketts, Esq. [S.B. #268892]
Kate McFarlane [S.B. #340706]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
mricketts@hadsellstormer.com
kmcfarlane@hadsellstormer.com

Jenny Huang, Esq. [S.B. #223596]
JUSTICE FIRST
490 43rd Street, # 108
Oakland, California 94609
Telephone: (510) 628-0695
Facsimile: (510) 605-3903
Email: jhuang@justicefirst.net

Barrett Litt, Esq. [S.B. # 45527]
Lindsay Battles, Esq. [S.B. # 26286]
Laura F. Donaldson [S.B. # 307638]
McLANE, BEDNARSKI & LITT, LLP
975 E. Green Street
Pasadena, CA 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670
Email: blitt@mbllegal.com
lbattles@mbllegal.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

California Coalition for Women Prisoners, JANE DOES # 1 – 6, individually and on behalf of others similarly situated,

Plaintiffs,

v.

SCOTT LEE, M.D.; JAMES ELLIOTT; KENNETH MAXWELL; JEFF MACOMBER; DIANA TOCHE; CONNIE GIPSON; ANGELA KENT; JENNIFER CORE; MONA HOUSTON; RICHARD MONTES; MOLLY HILL; MESVEEN CHAND; ROSA LOPEZ; and Does 1-20,

Defendants.

Case No.: 5:25-cv-00283-SP

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE RE: PENDING MOTION TO DISMISS BY CDCR DEFENDANTS (ECF NO. 89)**

Complaint filed: February 2, 2025
Trial date: None Set

## INTRODUCTION

Pursuant to the Federal Rule of Evidence 201(b), Plaintiffs requests the Court to take judicial notice of the Report of Findings from the investigation by the Civil Rights Division of the United States Department of Justice into sexual abuse by prison staff at California's prisons for women ("DOJ Report"), released on August 13, 2026 (attached as Exhibit A). The DOJ Report is relevant to the pending motion to dismiss by Defendants Macomber, Toche, Gipson, Kent, Elliott, Maxwell, Houston, Montes, Hill, Core, Chand, and Lopez (ECF No. 89).

## ARGUMENT

This Court should take judicial notice of the DOJ Report and Notice of Findings. When considering a motion to dismiss pursuant to Fed.R.Civ.Pro., rule 12(b)(6), it is well-established that federal courts may consider the pleadings, as well as matters of public record that are outside of the pleadings and subject to judicial notice, pursuant to Fed.R.Evid. 201. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001)); see also *Sloatman v. Housewright*, 2023 WL 8852375, *4 (C.D. Cal. Nov. 17, 2023) (recommending the District Court grant a request of judicial notice of a U.S. Department of Justice Special Report on the existence and authority of the DOJ Report). Courts can take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *Lee, supra,* 250 F.3d at 689.

The DOJ Report and Notice of Findings are relevant to Plaintiff's Opposition to Defendant's Motion to Dismiss because they support Plaintiffs' Eighth Amendment claims of supervisory liability against Defendants Macomber, Toche, Gipson and Kent. (ECF 93 at pp. 21-27) and Plaintiffs' Bane Act Claims against Defendants Elliott, Maxwell, Core, Houston, Montes, Hill, and Doe Defendants (*Id.* at pp. 27-29.) Defendants argue Plaintiffs' pleadings are overbroad, conclusory, and insufficient to establish knowledge on behalf of Defendants. (ECF 89-1 at p. 9.) The DOJ Report validates Plaintiffs' pleadings and arguments on supervisory liability in the following ways: (1) the DOJ found reasonable cause to believe that CDCR and CIW has violated, and continues to violate, the Eighth Amendment rights of prisoners to be free from cruel

and unusual punishment, (2) the stove-piped supervisory chains lack coordination and undermine the consistency of sexual abuse investigations and staff accountability, and (3) Secretary Macomber's participation in the August 2023 legislative briefing demonstrates his knowledge of the risk of staff sexual abuse and his failure to act.

First, the DOJ found an unbroken pattern or practice of deliberate indifference towards sexual misconduct by staff against prisoners from 2000 through 2024. Exhibit A at p. 1. Specifically, the DOJ Report concluded the following:

> CDCR, at the Departmental level and at the prison level, has repeatedly sustained allegations (that is, the State, itself, found abuse occurred) of staff sexual abuse of prisoners at CCWF and CIW. Despite notice of the substantial risk of harm to prisoners posed by staff, CDCR, CCWF, and CIW failed to take adequate measures to deter, detect, and hold accountable those who would commit such offenses. As a result, prisoners are egregiously and flagrantly subjected to grievous harm through denial of their right to be protected from cruel and unusual punishment inflicted by sexual violence and their right to bodily privacy. These failures by CDCR, CCWF, and CIW can only reasonably be described as a pattern or practice of deliberate indifference, in violation of the Constitution.

Exh. A at p.1. This lawsuit was referenced in the DOJ Report as part of the pattern or practice at CIW of failing to take reasonable steps to prevent serious harm to prisoners. *Id.* at p. 9. Notably, the DOJ found that both CDCR and CIW were responsible for the constitutional violations, thereby lending support to Plaintiffs' arguments that CDCR officials, including Defendants Macomber, Toche, Gipson, and Kent, are liable for the Eighth Amendment violations, as well as the Wardens (Defendants Core, Houston, Montes, and Hill) and correctional health officials at CIW (Defendants Elliott and Maxwell). Additionally, the DOJ Report establishes that both CDCR and CIW officials have failed, and continue to fail, to adequately and effectively implement the Prison Rape Elimination Act ("PREA"). *Id.* at pp. 7-8, 10-25. These aspects of the DOJ Report are relevant to Plaintiffs' arguments for supervisory liability. (ECF 93 at pp. 22-27.)

Second, the DOJ Report notes that California Correctional Health Care Services

("CCHCS") has a separate supervisory hierarchy that lacks communication and coordination with CIW and CDCR leadership. The DOJ noted that the "existence of separate, stove-piped supervisory chains in a single facility creates ambiguity and confusion, which tends to undermine the consistency of investigations and staff accountability." *Id*. at p. 21. The CDCR and correctional health officials, as well as the CIW Wardens, are personally responsible for the structure and management of the reporting structures at CDCR and CIW. ECF 87-1 ¶ 285. As pled in the complaint, Defendant Toche is responsible for "planning, implementing, and evaluating the health care governance structures and processes at all California prisons." (ECF 87-1 ¶ 32.) The supervisory defendants' maintenance of a separate, stove-piped supervisory chain within CCHCS, without adequate communication or coordination with CDCR or CIW staff, contributed to flawed investigations and poor accountability for staff sexual abuse.

Third, Defendant Macomber's attendance at the 2023 legislative briefing session establishes his failure to act on the known risk of staff sexual abuse. The DOJ Report notes in August 2023, Secretary Macomber attended a state legislature briefing titled "Sexual Assault and Harassment at California's Women's Prisons and What is Being Done in Response", which included testimony from survivors of staff sex abuse. Exhibit A at p. 27. California then enacted Sexual Abuse Response and Prevention (SARP) working group "designed to further inform . . . CDCR about the issues of sexual abuse occurring in women's prisons and provide recommendations." *Id.* The DOJ Report states "the SARP working group's efforts added to the State's clear notice of ongoing harm that CCWF and CIW prisoners' suffer." Defendant Macomber attended the legislative briefing, so he was aware of rampant sexual misconduct by staff at CDCR's prisons for women, but failed to take appropriate action. Defendant Kent was responsible for addressing the issues presented but failed to take appropriate action. (ECF 87-1 at ¶ 265.)

The above-referenced portions of the DOJ Report are not subject to reasonable dispute and should be judicially noticed pursuant to Fed.R.Evid. 201(b). The DOJ Report is a result of the DOJ's investigative authority pursuant to the Civil Rights of

Institutionalized Persons Act ("CRIPA"). (Exhibit A at p. 2.) The DOJ conducted a thorough investigation that lasted two years, which included subpoenas for documents and a three-day on-site assessment of CIW. Two expert consultants in correctional operations and sexual safety aided the on-site review, which included interviews of staff and prisoners, review of documents, and tours of all housing units. After the on-site reviews, the DOJ reviewed thousands of pages of documents including "policies and procedures, staffing records, staff investigation files, staff misconduct logs and training materials." (*Id.*) The DOJ investigation included review of more than 350 prisoner allegations of staff sexual misconduct and voluminous court records in 320 lawsuits against CDCR for staff sexual misconduct. (*Id.* at pp. 2, 12.) The accuracy and reliability of the DOJ Report and Notice of Findings cannot be reasonably questioned.

**CONCLUSION**

For the reasons stated above, Plaintiffs request that this Court grant the request for judicial notice of the DOJ Report (Exhibit A). Alternatively, if this Court finds that the matters judicially noticed are essential to ruling on the pending motion to dismiss by CDCR (ECF No. 89), Plaintiffs request leave to amend the complaint to incorporate the facts referenced from the DOJ Report.

Dated: September 30, 2026

Respectfully Submitted,

JUSTICE FIRST

HADSELL STORMER RENICK & DAI LLP

McLANE, BEDNARSKI & LITT, LLP

By: /s/ Jenny Huang

Jenny Huang
Morgan Ricketts
Kate McFarlane
Dan Stormer
Lindsay Battles
Laura F. Donaldson
Barrett Litt

Attorneys for Plaintiffs