ROB BONTA
Attorney General of California
R. LAWRENCE BRAGG
ALICIA A. BOWER
Supervising Deputy Attorneys General
RAYE A. HUTSLAR
JACQUELINE KALLBERG
ANDREW L. SECONDINE
VICTORIA ZHANG
DENNIS M. WONG
Deputy Attorneys General
State Bar No. 173951
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Telephone: (415) 510-3577
Fax: (415) 510-3823
E-mail: Dennis.Wong@doj.ca.gov
*Attorneys for Defendants J. Macomber, D. Toche, C. Gipson, A. Kent, M. Hill, R. Montes, M. Houston, J. Core, J. Elliot, K. Maxwell, R. Lopez, and M. Chand*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| **CALIFORNIA COALITION FOR WOMEN'S PRISONERS, et al.,**<br>Plaintiffs,<br>**v.**<br>**SCOTT LEE, et al.,**<br>Defendants. | Case No. 5:25-cv-00283-SP<br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE (ECF NO. 110)**<br>Judge: Hon. Sheri Pym<br>Date: N/A<br>Time: N/A<br>Courtroom: Courtroom 4, 3rd Floor<br>Trial Date: None Set<br>Action Filed: February 2, 2025 |

## INTRODUCTION

Plaintiffs' request for the Court to take judicial notice of the U.S. Department of Justice Civil Rights Division's August 13, 2026, report (DOJ Report) should be denied because: (1) it is untimely pursuant to Local Rule 7-12; (2) Plaintiffs have not met their burden under Federal Rules of Evidence 201 to show the DOJ Report is relevant to their opposition to Defendants' motions to dismiss; and (3) because the DOJ Report's factual accuracy is questionable and irrelevant because it makes no findings against the Defendants in this case or regarding gynecology care at CIW, which is the crux of this putative class action lawsuit.

## ARGUMENT

### I. PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IS UNTIMELY PURSUANT TO LOCAL RULE 7-12.

Central District of California Civil Local Rule 7-12 states, "[t]he Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." The Court set forth a deadline of June 30, 2026 to file an opposition to Defendants' motion to dismiss. (ECF No. 85.) On July 28, 2026, after the parties presented oral arguments, the Court took the motions under submission. (ECF No. 103.) To the extent Plaintiffs might argue that they could not file their request for judicial notice before the filing deadline and hearing because the DOJ Report was published afterwards, the Court still has discretion to decline considering Plaintiffs' request because it has been over a month since the DOJ Report was published. Although Federal Rule of Evidence 201(d) allows the Court to take judicial notice of an "adjudicative fact" at any stage of the proceeding, a DOJ report that discusses systemic matters does not contain adjudicated facts that are relevant to the instant case and which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* at 201(a) & (b)(2). Indeed, this DOJ Report specifically references the instant class action lawsuit and merely states that the "case is proceeding," which clearly acknowledges

the DOJ Report is separate from this case. (ECF No. 110-1 at 12.) Accordingly, the Court should exercise its discretion and decline to consider Plaintiffs' untimely request for judicial notice.

## II. Plaintiffs' Request for Judicial Notice Is Improper Because The DOJ Report Is Not Relevant To Plaintiffs' Class Action That Focuses On Defendants' Awareness And Actions Regarding Dr. Lee.

Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The party requesting judicial notice has the burden of showing that the information satisfies Evidence Rule 201. *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011). Rule 201(c) states the court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

But Plaintiffs have not met their burden because they have not adequately explained how a DOJ Report that makes no findings against the Defendants in the instant lawsuit is relevant to their opposition to Defendants' motions to dismiss. Instead, Plaintiffs merely request the Court to take judicial notice of the DOJ Report "because [the report's findings] support Plaintiffs' Eighth Amendment claims of supervisory liability against Defendants Macomber, Toche, Gipson and Kent (citations omitted) and Plaintiffs' Bane Act Claims against Defendants Elliot, Maxwell, Core, Houston, Montes, Hill, and Doe Defendants." (ECF No. 110 at 2:19-23.) Other than this broad and conclusory assertion, Plaintiffs cite to no adjudicated facts against any of the Defendants, which illustrates how the DOJ Report covers different areas than Plaintiffs' class action allegations. *See Frank v. City of Ville Platte*, No. 6:17-CV-01351, 2019 WL 1064261, at *5 (W.D. La. Mar. 6, 2019) ("The situation presented here is substantially different from the focus of

the DOJ's investigation .... Accordingly, ... even if this Court can properly take judicial notice of the DOJ Report, it has no persuasive authority with regard to [plaintiff's] claims in this case[.]"); *Barr v. City of Albuquerque*, No. 12-CV-01109-GBW/RHS, 2014 WL 11497833, at *7 (D.N.M. Aug. 22, 2014) (declining to reconsider dismissal of municipal liability claims where "the DOJ findings on 'causation' lack any connection between the alleged municipal policy and the shooting of [p]laintiff"). Thus, the Court can deny Plaintiffs' request for judicial notice because they failed to meet their burden of proof under Federal Rule of Evidence 201(b).

### III. DOJ REPORT'S FACTS CAN REASONABLY BE QUESTIONED BECAUSE IT EXPRESSLY NOTES THIS CLASS ACTION IS SEPARATE, AND BECAUSE IT DID NOT ADDRESS CIW GYNECOLOGY CARE

Courts generally cannot rely on evidence outside the pleadings when ruling on a Rule 12(b)(6) motion. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998)). Courts can, however, consider certain materials, including matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment. *Id.* at 908 (*citing Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)).

While a court may take judicial notice of the existence of a DOJ investigation report, "…the fact that a document is subject to judicial notice does not establish the truth of the factual allegations in it." *Sloatman v. Housewright*, No. 2:21-CV-08235 WLH-MAA, 2023 WL 8852375, at *4 (C.D. Cal. Nov. 17, 2023), report and recommendation adopted, No. 2:21-CV-08235 WLH-MAA, 2023 WL 8850724 (C.D. Cal. Dec. 18, 2023). *Sloatman* involved a class action that alleged the North Hollywood Police Department discriminated against males in domestic violence matters, and the plaintiff asked the court to take judicial notice of a DOJ report with statistics that showed most of the domestic violence orders were against males, which plaintiffs claimed showed disparate treatment. *Id.* at *2-4. The court

dismissed plaintiffs' equal protection claim, stating, "[h]owever, the judicially-noticed and incorporated-by-reference DOJ Report merely gives statistics for victims of domestic violence and rate of reporting domestic violence to police; nowhere does the DOJ Report discuss 'domestic violence orders' or any statistics about their application." *Id.* at *16.

First, it bears repeating that the DOJ Report stated that the instant case was "proceeding," which indicates the DOJ Report acknowledged its separation from this lawsuit. (ECF No. 110-1 at 12.) Second, as the Notice of Findings itself makes clear, the Report and the U.S. Department of Justice's conclusions are subject to dispute via court proceedings under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997a. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (reversing district court that took judicial notice of disputed facts in public records). Third, the DOJ Report did not make any findings against the Defendants in this case, and the DOJ Report did not discuss gynecology care at CIW, other than to mention the existence of this pending lawsuit. (*Id.* at 12, 30.) Lastly, although Plaintiffs argue the DOJ Report supports their allegations against Defendant Macomber because there is a mention of the Secretary of CDCR attending a legislative briefing on sexual abuse in prisons in August 2023, Plaintiffs' representation is incorrect as Plaintiffs' allegations against Macomber have to do with his specific awareness of the allegations against Dr. Lee, which is not mentioned in the DOJ Report. (*See* ECF No. 110-1 at 30.) Thus, to the extent Plaintiffs' goal with the DOJ Report is to support the legal sufficiency of their Second Amended Complaint, the Court's review should be limited to reviewing the complaint without consideration of the DOJ Report. *Lee*, 250 F.3d at 688.

## CONCLUSION

Accordingly, the Court should deny Plaintiffs' request to take judicial notice of the DOJ Report because: (1) it is untimely; (2) Plaintiffs did not meet their burden under Federal Rule of Evidence 201 to show the relevance of the DOJ

Report and its contents to their opposition to Defendants' motions to dismiss; and (3) the DOJ Report's content can be reasonably questioned as it relates to the instant case because it did not make any findings against the Defendants in the class action and did not focus on improper gynecology care at CIW.

Dated: October 8, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
R. LAWRENCE BRAGG
ALICIA A. BOWER
Supervising Deputy Attorney General
RAYE HUTSLAR
JACQUELINE KALLBERG
ANDREW L. SECONDINE
VICTORIA ZHANG
Deputy Attorneys General

***/s/ Dennis M. Wong***

DENNIS M. WONG
Deputy Attorney General
*Attorneys for J. Macomber, D. Toche, C. Gipson, A. Kent, M. Hill, R. Montes, M. Houston, J. Core, J. Elliot, K. Maxwell, R. Lopez, and M. Chand*

LA202530082

# CERTIFICATE OF SERVICE

Case Name: **California Coalition for Women Prisoners, et al. v. Scott Lee, M.D., et al.** No. **5:25-cv-00283-SP**

I hereby certify that on October 9, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE (ECF NO. 110)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 9, 2026, at Los Angeles, California.

| M. Ma | */s/* M. Ma |
|---|---|
| Declarant | Signature |

LA2025300821